BAILEY, J.
I agree fully with the report of the Commissioner in this case, and accordingly find for the defendant on the plea of the Statute of Limitations.
*252 REPORT OF COMMISSIONER UPON ISSUE OF STATUTE OF LIMITATIONS RAISED BY DEFENDANT’S FIRST PLEA
Plaintiff is suing for disability benefits under his contract of war risk (yearly renewable term) insurance, alleging that he became totally and permanently disabled on November 1, 1921.
Defendant’s first plea to the declaration states:
Defendant avers that the right to maintain this action accrued on November 1, 1921, more than six years prior to the institution of this suit; that this action was instituted subsequent to July 3, 1931, and that the claim sued upon was not filed in the United States Veterans’ Administration, formerly designated as the United States Veterans’ Bureau, on or before July-3, 1931.
A stipulation has been filed by which the attorneys for the parties agree that the issue raised by this plea may be determined by the Court without a jury in advance of a trial on the merits. (See Stipulation as to Jurisdictional Question, filed July 20, 1934.)
The question to be decided, under the facts stated in the stipulation, is whether plaintiff ever filed a claim for insurance benefits prior to July 3, 1931, the date on which a suit on such a claim would be barred under the limitation contained in the second paragraph of Section 19 of the World War Veterans’ Act, 1924, as amended by an act approved July 3, 1930', which statute provides (38 U.S.C. 445):
No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date. * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, *253 That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and.the denial of said claim by the director.
According to said stipulation, plaintiff did not file a specific claim for insurance benefits in the Veterans’ Bureau until August 3, 1931 (see par. IV of Stipulation), a month after his right to bring suit on his insurance contract had expired.
Counsel for plaintiff contend, however, that the application referred to in paragraph II of the stipulation (a photostat of which application is attached to and made a part of the stipulation) was a claim for insurance benefits within the definition of that term contained in said Section 19 of the World War Veterans’ Act, 1924, as amended July 3, 1930, which provides:
The term “claim” as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits. * * *
Said application was on form 526 of the Veterans’ Bureau, as revised December, 1922, and is entitled “Application of Veteran Disabled in the World War for Compensation and Vocational Training.” Notwithstanding its title, it is plaintiff’s contention that said application constituted a claim for insurance benefits as well as a claim for compensation and vocational training. In support of this contention, plaintiff relies on the fact that said form 526, prior to its revision in December, 1922, had been authorized by the War Department and the Veterans’ Bureau to be used in making claims for insurance benefits, quoting in that connection, in his points and authorities, from the Manual of Procedure to be used by United States Army for presenting claims of ex-service men, prepared by the Bureau of War Risk Insurance, 1921, first edition, and promulgated as General Order No. 27, dated July 1, 1921, by the Secretary of War. Said order provided:

*254
Insurance

*****
BENEFITS — Total permanent disability — Application for may be made on Form 526.
Plaintiff also relies on a recent opinion of U. S. District Judge Coleman in Graham v. United States, Law No. 4848, District Court, Maryland, a copy of which opinion accompanies plaintiff’s points and authorities, filed with this report. In said opinion Judge Coleman held that the application of an insured made on an earlier edition of said form 526 was to be construed to be not merely for compensation but for insurance.
The situation in the case at bar is somewhat different from that passed upon by Judge Coleman. There the application on form 526 was made on July 20, 1920, on which date, as stated by Judge Coleman, said form was entitled “Application of Person Disabled in and Discharged from Service.” Here, the form 526 used by the plaintiff was said form as revised by the Veterans’ Bureau in December, 1922, at which time its title had been changed to “Application of Veteran Disabled in the World War for Compensation and Vocational Training.” The insertion of the words “for Compensation and Vocational Training” cannot be wholly ignored. Thereafter, on its face, said form, as so entitled, related only to claims for compensation and vocational training, although it is my understanding that it was the practice of the Veterans’ Bureau, under certain circumstances, to accept an application on said revised form as a claim for insurance benefits as well as for compensation and/or vocational training. But such an application can not, I think, be regarded as a claim for insurance benefits, under the statutory definition of that term contained in the amendatory Act of July 3, 1930, unless it uses words indicating an intention on the part of the applicant to claim such benefits, or contains allegations to the effect that *255 the claimant was permanently and totally disabled at a time when his insurance was in force.
There is a separate form of application for insurance benefits, form 579, apparently issued by the Veterans’ Bureau in 1923; but that form, it appears from the orders and instructions of the Veterans’ Bureau promulgated in 1925 and 1926, was intended for use solely in cases where insurance benefits only were being claimed. (General Order No. 227, November 7, 1923, Regs. & Proced. U.S.V.B., pt. I, pp. 700-701; Circular No. 222-B, dated April 23, 1926, id., pt. II, p. 1557.) Said circular 222-B stated:
1. There appears to be a tendency on the part of regional offices to indiscriminately distribute Forms 579 (claims for insurance benefits on account of permanent and total disability), which results in a number of these forms being executed and submitted to central office at an unnecessary expense to the claimants.
2. Under the established procedure the execution of Form 579 is only necessary in two classes of cases, namely, those in which a claim for insurance benefits only is being filed in accordance with the provisions of Circular No. 239, and those in which the claimant has converted insurance in force.
3. In those cases where the claimant has previously filed claim for compensation the practice of forwarding Form 579 to the claimant when a permanent and total rating is rendered, advising him to execute the form and forward it to claims division, central office, if he has converted insurance in force, should be discontinued, as the claimant quite frequently executes the form regardless of the kind of insurance he has or its status.
4. Except in cases where claim is made for insurance benefits only, claimants personally appearing before the claims and rating boards when a permanent and total rating is rendered should not be requested to execute Form 579 unless they state that they have converted insurance in force.
It is to be noted that form 526 (both as originally issued and as revised in December, 1922) and form 579 were, in style and substance, merely questionnaires, issued by the Veterans’ *256 . Bureau for the purpose of ascertaining from the claimant detailed information as to the origin, nature and extent of his alleged disability or disabilities. Obviously, therefore, as said circular No. 222-B indicates, if the claimant had already filled out and filed form 526, it would be unnecessary, in the event he were rated permanently and totally disabled, for him to fill out and file form 579. In such case form 526 would be treated by the Bureau as a claim for insurance as well as compensation. This being so, if in using form 526 an insured has stated facts indicating that he was permanently and totally disabled at a time when his insurance was in force, said application should be taken as a claim for insurance benefits, within the meaning of the statute, even though he has not expressly stated therein that he was claiming such benefits.
Referring now to the photostat of plaintiff’s application, executed June 8, 1927, on said revised form 526, which forms a part of the stipulation, we find that it does not contain words showing an intention on the part of the plaintiff to claim insurance benefits, nor does it contain anything indicating that plaintiff was permanently and totally disabled at a time when his insurance contract was in force, that is to say, on or prior to November 1, 1921, to which date only he claims in his declaration to have paid the premiums due on his insurance. All that said application states with respect to plaintiff’s disability occurs on page 2 of said paper, under the subheading “Application for Compensation and Vocational Training— A. Personal History,” where, in answer to the question (No. 14), whether the injury was caused through the fault of some person other than the United States or the enemy, plaintiff says, .“Disability received in service of U. S. Army.” Again, on the same page, in answer to the question (No. 19), whether he had been confined to bed or in hospital since discharge, he says, “U.S.V.B. Hospital 63, 5-1-1927; Winsdale, Fla., 9-26 to 5-1-1927.” Plaintiff left unanswered questions (Nos. 11 and 12) in said paper as to the nature and cause of his disability, *257 answers to which might have thrown light on the extent of his disability.
It is therefore not surprising that, according to the stipulation (subdivision III), the Veterans’ Administration did not treat or recognize said application as a claim for insurance benefits but only as an application for disability compensation. Furthermore, as above pointed out, not until several years later, to wit, on August 3, 1931, did plaintiff file a claim with the Veterans’ Administration for total and permanent disability benefits, at which time the statute of limitations had run.
In my opinion plaintiff’s application on revised form 526 did not constitute a claim for insurance benefits; hence this case should be dismissed for want of jurisdiction.